

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 2, 1969

Honorable Paul Spillman
County Attorney
Collingsworth County
Wellington, Texas

Opinion No. M- 367

Re: Legality of expenditures
by commissioner's court
from Road and Bridge funds.

Dear Mr. Spillman:

Recently you requested an opinion, whether the com-missioner's court may legally expend money from the motor vehicle registration fund, or the lateral road fund, or the additional 15¢ annual ad valorem tax fund, or the farm-to-market road fund for any or all of the following purposes:

(1) Rural fire service calls by municipal
fire department.

(2) Service of county tax evaluation engineer.

(3) County commissioners' salaries.

(4) County judge's salary.

(5) Salary of the county judge's secretary.

(6) Expenses of working or contracting for
a county tax roll.

(7) County automobile for the sheriff's
department.

(8) Expenses of hospital care for the in-
digent.

Subsequent to your request, we have been advised by you that your county has not consolidated its tax money into one general fund pursuant to Section 9 of Article VIII, Texas Con-stitution; consequently, the motor vehicle registration fees

-1811-

which are placed in the regular road and bridge fund (Article 6675a-10, Vernon's Civil Statutes) and the 15¢ additional annual ad valorem tax fund (special road and bridge fund) authorized by Section 9 of Article VIII, Texas Constitution, remain separate funds subject to being used only for the purposes authorized by law.

With the exception of the county judge's salary and the county commissioners' salaries, which we will discuss shortly, none of the above listed purposes could be financed from the regular road and bridge fund or the special road and bridge fund. Dallas County v. Plowman, 99 Tex. 509, 91 S.W. 221, (1906).

"All county expenditures lawfully authorized to be made by a county must be paid out of the county's general fund unless there is some law which makes them a charge against a special fund." Bexar County v. Mann, 138 Tex. 99, 157 S.W.2d 134 (1941).

Articles 3883l and 2350(1) of Vernon's Civil Statutes, deal with the salaries of county commissioners and county judges of the various counties.

Section 12 of Article 3883l is quoted as follows:

"The salaries of the officials named in this Act shall be paid out of the Officers' Salary Fund and/or General Fund of their respective counties with the exception that the salaries of county commissioners and county judges may be paid in accordance with the provisions of Section 2 of House Bill No. 84, Acts of the Forty-ninth Legislature, Regular Session, 1945 (Article 2350 (1) of Vernon's Civil Statutes)." (Emphasis added.)

Article 2350(1) is quoted, in part, as follows:

"The salary of each County Commissioner and each County Judge may be paid wholly out of the County General Fund or, at the option of the Commissioners Court, may be paid out of the County General Fund and out of the Road and Bridge Fund in the following proportions: County Judge not to exceed seventy-five per cent (75%) of such salaries may be paid out of the Road and Bridge Fund, and the remainder out of the General Fund of the County, and

> each County Commissioner's salary may, at the
> discretion of the Commissioners Court, all be
> paid out of the Road and Bridge Fund; . . ."
> (Emphasis added.)

It appears from our reading of the two above quoted statutes, that the commissioner's court may pay a part of the county judge's salary and all of the commissioners' salaries from the road and bridge fund, except that portion of the Road and Bridge Fund obtained from registration fees may not be used for salaries but must be used for the construction and maintenance of public roads. Art. 6675a-10, Vernon's Civil Statutes. Therefore, it is our opinion that none of the purposes inquired about by you can be financed from the motor vehicle registration fees.

The farm-to-market or lateral road funds are controlled by Section 1-a of Article VIII, Texas Constitution, and Articles 7048a and 6674g-7, et seq., Vernon's Civil Statutes.

Section 1-a of Article VIII, Texas Constitution, is quoted, in part, as follows:

> ". . .From and after January 1, 1951, the
> several counties of the State are authorized
> to levy ad valorem taxes. . .not to exceed
> thirty cents (30¢) of each One Hundred Dollars
> ($100) valuation. . .provided the revenue derived
> therefrom shall be used for construction and
> maintenance of farm to market roads or flood
> control. . . ." (Emphasis added.)

Section 3 of Article 7048a is quoted, in part, as follows:

> "Taxes levied and collected under provisions
> of this Act shall be credited by the commissioners
> court to separate funds known as the farm-to-market
> and lateral road fund, to be used solely for farm-to-
> market and lateral roads within such county. . . ."
> (Emphasis added.)

Article 6674g-7, Vernon's Civil Statutes, provides certain excess state funds will be apportioned to the counties to <u>be used strictly for lateral roads</u>. Attorney General's Opinion No. 0-4023 (1941).

Clearly, none of the purposes inquired about by you are for the purpose of constructing or maintaining farm to market or lateral roads; therefore, none of the said purposes can be financed by using the farm to market or lateral road funds.

### S U M M A R Y

The fees from motor vehicle registration (regular road and bridge fund) and the funds from the additional ad valorem tax (special road and bridge fund) cannot be used for the purposes stated herein, with the exception that the commissioners court may pay a part of the county judge's salary and all of the commissioner's salaries from that part of the road and bridge funds not obtained from registration fees.

The farm to market or lateral road funds of the county can only be utilized for farm-to-market or lateral road purposes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
James Quick
Rick Fisher
Bill Corbusier
Malcolm Quick

W. V. Geppert
Staff Legal Assistant